UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROSE JAZMINE QUILES,**

  *Plaintiff*,

v.                                                        Case No.  SA-24-CV-00669-JKP

**COMMISSIONER OF SOCIAL SECU-
RITY,**

  *Defendant*.

# O R D E R

Before the Court is Plaintiff Rose Jazmine Quiles's unopposed Motion for Attorney's Fees. *ECF No. 20*. Upon consideration, the Motion is **GRANTED IN PART and DENIED IN PART**.

On March 5, 2026, the Court granted Defendant, the Commissioner of Social Security's Unopposed Motion to Remand for Further Administrative Proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *ECF No. 16*. Now, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as the prevailing party, Quiles requests this Court award attorney's fees of $9,516.00 and costs in the amount of $405.00. This award would result in an hourly rate of $244.00, adjusted from the statutory amount of $125.00 per hour allowed under § 2412. *See* 28 U.S.C. § 2412(d)(2)(A).

The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079-80 (5th Cir. 1988). An award of attorney's fees under 28 U.S.C. § 2412 is to be based upon the prevailing

market rate for the kind and quality of the services furnished, not in excess of $125 per hour, unless the Court determines an increase in the cost of living or a special factor justifies an award using a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The movant must establish facts showing the requested adjustment in hourly fee is substantially justified or show special circumstances that make an award at the statutory rate unjust. *See Baker*, 839 F.2d at 1079-80.

In support of the upwardly adjusted hourly rate of $244 per hour, Quiles asserts this requested hourly rate is based on the Consumer Price Index from the Bureau of Labor and Statistics, and "[t]o minimize attorney fees for the fee litigation, [Quiles] does not present extended argument about the hourly rate requested. In any event, the Agency's Office of the General Counsel routinely agrees to higher hourly rates than this within this jurisdiction." *ECF No. 20*.

The Court does not find Quiles satisfied her burden under § 2412 to justify the requested increase in the statutory hourly rate. In any event, the Court reviewed similar cases in this San Antonio Division of the Western District of Texas in which the Court issued an Order of Remand to devise an appropriate award. This review revealed the hours expended by counsel of 41 hours, reduced to 39 hours, is reasonable and commensurate to those of a similar nature and result. However, the review also reveals these courts typically award a fee with an hourly rate of approximately $200 per hour. Accordingly, the Court will award attorney fees in this case for 39 hours at a rate of $200 per hour, resulting in an award of attorney fees in the amount of $7,800.00.

Quiles also seeks costs in the amount of $405.00 for her initial filing fee, which is appropriate. *ECF No. 16*.

It is therefore ORDERED that Quiles's Motion for Attorney's Fees is **GRANTED IN PART and DENIED IN PART**. Defendant will pay Plaintiff a total of $7,800.00 in attorney's fees and $405.00 in costs under the EAJA.

This amount owed is payable to Rose Jazmine Quiles as Plaintiff, not directly to her counsel. Payment will be mailed to Quiles's attorney at his office: David F. Chermol, Chermol & Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA, 19116.

Defendant's payment of this amount bars any and all claims Quiles may have relating to EAJA fees and expenses in connection with this action. Defendant's payment of this amount is without prejudice to Quiles's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

It is so ORDERED.
SIGNED this 9th day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE